FILED
2016 DEC 12 AM 8:41
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

LARRY DWAYNE HILL,
    Movant,

-vs-                                    Cause No. A-06-CR-00253-SS

UNITED STATES OF AMERICA,
    Respondent.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Larry Dwayne Hill's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#83], Hill's Memorandum in Support [#84], and the Government's Response [#87]. Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

On October 17, 2006, Movant Larry Dwayne Hill (Hill) was charged in a four-count indictment with Conspiracy to Distribute and to Possess with the Intent to Distribute more than 500 Grams of Methamphetamine (Count One), Possession with Intent to Distribute 50 Grams or more of Methamphetamine (Count Two), and Felon in Possession of a Firearm (Counts Three and Four). On December 1, 2006, Hill pleaded guilty to all four counts.

Hill was at least 18 years old at the time he committed the offenses charged in the indictment, and Counts One and Two constitute "controlled substance offense[s]" within the meaning of § 4B1.1(a) of the federal sentencing guidelines. Hill was therefore subject to career offender enhancement if he had "at least two prior felony convictions of either a crime of

violence or a controlled substance offense." *See* U.S.S.G. § 4B1.1(a). Hill had three prior felony convictions for delivery of a controlled substance under §§ 481.002(8) and 481.112(a) of the Texas Penal Code. The presentence report (PSR) construed "controlled substance offense" listed in § 4B1.2 as including Hill's prior convictions for delivery of a controlled substance.

According to the PSR, 595.35 grams of methamphetamine were involved in Hill's distribution efforts in 2006. This quantity of methamphetamine resulted in a base offense level of 32. Because dangerous weapons were found in Hill's possession, Hill's offense level was increased to 34. *See* U.S.S.G. § 2D1.1(b)(1). The PSR recommended an enhancement was warranted under § 4B1.1(b). Because Hill was exposed to the statutory maximum of life under Count One, the resulting adjusted offense level was 37. The PSR then applied a three-level reduction under § 3B1.1 for acceptance of responsibility, which resulted in an offense level of 34. *See* U.S.S.G. § 3E1.1. The PSR calculated a sentencing range of 262 to 327 months as to Counts One and Two, and a sentence of 120 months as to Counts Three and Four.

The Court ultimately sentenced Hill to 262 months of imprisonment for Counts One and Two, with a 120-month term of imprisonment for Counts Three and Four to run concurrently, followed by a three-year term of supervised release. Hill did not file a direct appeal. On September 9, 2016, Hill filed the instant § 2255 motion, and the Government responded on October 30, 2016. The motion is now ripe for decision.

## Analysis

### I.     Section 2255—Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court

2

that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

## II.   Application

In his § 2255 motion, Hill asks this Court to (1) vacate his sentence, because recent Fifth Circuit precedent reveals sentencing Hill as a career offender was unconstitutional, and (2) upon vacating his sentence, the Court should order his immediate release from the Bureau of Prisons instead of resentencing him. The Court addresses each request in turn.

### A.   Reconsideration of Hill's Career Offender Status

Hill contends his career-offender based sentence is invalid based on the United States Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and the Fifth Circuit's subsequent decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). Hill maintains that his prior Texas convictions—all for delivery of a controlled substance—do not constitute a predicate offense under the career-offender guideline provision. The Government agrees, and therefore concedes vacating Hill's original sentence is appropriate.

To provide context, a brief recitation of the relevant law follows. To determine whether a defendant's prior convictions constitute a "controlled substance offense" within the meaning of § 4B1.1(a) of the federal sentencing guidelines, and therefore subject the defendant to § 4B1.1(a)'s sentencing enhancements, the sentencing court must apply a categorical approach: that is, it must determine whether the elements of the state crime are the same as, or narrower than, the relevant generic offense. *See United States v. Albornoz-Albornoz*, 770 F.3d 1139, 1141 (5th Cir. 2014). In other words, the court must ensure the state crime does not "stretch further than the generic definition of the enumerated crime." *Id.* To accomplish this, the court compares "the generic, contemporary definition of the enumerated crime with the conduct described in the statute of conviction. If the statute's definition of an offense is broader than the generic definition, that offense cannot serve as predicate for the adjustment." *United States v. Morales-Mata*, 704 F.3d 410, 412 (5th Cir. 2013) (citations omitted).

Some statutes, however, have a "divisible" structure, which means a single statute "may list elements in the alternative, and thereby define multiple crimes." *Mathis*, 136 S. Ct. at 2249. When a defendant is convicted under a divisible statute, the sentencing court may employ a modified categorical approach to determine whether the state crime may serve as a predicate for the adjustment. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). The modified categorical approach permits a court to "consult a limited class of documents, such as indictments and jury instructions, to determine which alternatives formed the basis of the defendant's prior conviction." *Id.* at 2281. The court may thereafter "do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Id.*

The Supreme Court's recent decision in *Mathis* is instructive, because it clarifies the methodology of the modified categorical approach. *See* 136 S. Ct. at 2253–54. *Mathis* inculcates there is a difference between alternative elements of an offense—which must be agreed upon by a jury—and alternative means of satisfying a single element—which the jury is not required to agree upon. *See id.* at 2249. Therefore, the sentencing court's first task is to determine whether the "listed items" in a statute "are elements or means." *Id.* at 2256.

Applying this instruction in the wake of *Mathis*, the Fifth Circuit held that the method used to deliver a controlled substance is not an element of the crime under §§ 481.112(a) and 481.002(8) of the Texas Penal Code. *See Hinkle*, 832 F.3d at 576 (citing *Lopez v. State*, 108 S.W.3d 293, 299–300 (Tex. Crim. App. 2003), which concluded the methods of delivery under § 481.002(8) are not alternative elements, but rather alternative means of satisfying the single delivery element). Because the "delivery" element of the defendant's state crime criminalized a "greater swath of conduct than the element of the relevant [guidelines] offense[,]" there was a "mismatch of elements." *Id.* As a result, the Fifth Circuit concluded the defendant's prior conviction for delivery of heroin was not a controlled substance offense under the guidelines and could not serve as a predicate offense under § 4B1.1. *Id.* at 576–77. The Fifth Circuit therefore vacated the defendant's sentence and remanded the case for resentencing. *Id.* at 577.

*Hinkle* involved the same prior crime of conviction as Hill's: §§ 481.002(8) and 481.112(a) of the Texas Penal Code. It is undisputed that these convictions were used as the predicates to calculate Hill's career-offender sentence. *See* Resp. [#87] at 4. Given the recent controlling precedent, the Government agrees the use of Hill's prior convictions for delivery of a controlled substance to calculate his career-offender sentence adversely affected Hill's

5

constitutional rights, and recommends Hill's sentence be vacated. *See id.* The Court concurs, and therefore vacates Hill's sentence.

**B.     Resentencing**

When a district court determines a movant is entitled to relief under § 2255, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or . . . correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). In addition to his request that the Court vacate his sentence, Hill asks the Court to give him credit for a sentence reduction based on the retroactive application of Amendment 782, sentence him to time-served, and order his immediate release from the Bureau of Prisons. According to Hill, the proper sentencing range is 151 to 188 months, and "with statutory good time[, ] a flat sentence of 121 months, which will be in October of 2016[,]" is appropriate. Mem. [#84] at 4. The Government asks the Court to deny Hill's request for the specific guideline sentence, and instead grant a resentencing hearing and impose a new sentence. Having considered the foregoing, the Court concludes reconfiguration of Hill's sentence is warranted, and therefore sets this case for a hearing on resentencing.

Accordingly,

IT IS ORDERED that Movant Larry Dwayne Hill's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#83] is GRANTED IN PART and DENIED IN PART as described in this opinion;

IT IS FURTHER ORDERED that Movant Larry Dwayne Hill's sentence is VACATED and the judgment is SET ASIDE;

IT IS FURTHER ORDERED that the above case is set for RESENTENCING on Friday, February 17, 2016, at 2:00 p.m. in Courtroom No. 2, United States Courthouse, 501 West Fifth Street, Austin, Texas;

IT IS FINALLY ORDERED that the Clerk of Court shall give a copy of this Order to the United States Attorney (prosecuting attorney); the Federal Public Defender (appointed counsel); the United States Marshals Service (to ensure the transportation of Mr. Nelson in time to meet with counsel and be prepared for resentencing); and the United States Probation Officer.

SIGNED this the 9th day of December 2016.

                                                  SAM SPARKS
                                                  UNITED STATES DISTRICT JUDGE